## IN THE SUPERIOR COURT OF GUAM

RICHELLE A. DOWDELL,
*aka* **Richelle Brown**,

        Plaintiff,

        v.

JACOB J. DOWDELL,

        Defendant.

**Child Support Case No. CS0008-13**

**DECISION AND ORDER
AFFIRMING ORAL FINDINGS**

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III for review of the Administrative Hearing Officer's ("AHO's") Oral Findings on June 7, 2019. Attorney Carol Fitch Baulos represents Plaintiff Richelle A. Dowdell ("Richelle"), and Defendant Jacob J. Dowdell ("Jacob") appeared *pro se*. Assistant Attorney General Terrance A. Long appeared on behalf of the Office of the Attorney General, Child Support Enforcement Division ("CSED"). Having duly considered the record, the objection filed by Richelle, and the applicable law, the Court now issues the following Decision and Order and **AFFIRMS** the AHO's Oral Findings.

### BACKGROUND

The underlying action arose following a Complaint filed by the CSED on February 6, 2013. The parties have three children together, the oldest of which turned 18 in September 2014. Thereafter, Richelle had custody of the middle child, and Jacob had custody of the youngest child.

The AHO entered a child support order on July 7, 2015, requiring that Richelle pay Jacob $232.76 per month due to the fact that both parties have full physical custody of one child and

suspending Jacob's obligation "so long as the current arrangement is in effect." Findings and Order at 2 (July 7, 2015). Following the high school graduation of the youngest child, the parties came before the AHO for a hearing to determine whether all offset payments had been made. The AHO gave its Oral Findings, determining that both Richelle and Jacob's child support obligations would conclude and that Jacob owed arrears of $474.36. Min. Entry at 2 (June 7, 2019).

On June 21, 2019, Richelle filed Plaintiff's Objection to Referee's Oral Recommendation Made at Hearing June 7, 2019 ("Richelle's Objection). Neither Jacob nor the CSED filed an opposition/response. On July 23, 2019, the AHO filed a Request for Review of Court Order, requesting the Court to review the AHO's recommendations and Richelle's objection to the AHO's Oral Findings on June 7, 2019.

## DISCUSSION

In reviewing a Referee or AHO's findings, the Court must "make a good faith effort to supervise the referee and correct any obvious errors" while relying on "the competency and expertise" of the officer. *Lamb v. Hoffman*, 2008 Guam 2 ¶¶ 41-42. "If [the Court] is sufficiently confident in the findings of the referee, [the Court] may simply accept the referee's conclusions with minimal comment. *Id.* ¶ 42. Similarly, the Court "need not conduct an in-depth review of the referee's recommendation before ratification." *Palomo v. Manglona*, 2012 Guam 18 ¶ 23 (citing *Lamb*, 2008 Guam 2 ¶ 41). Richelle claims five errors by the AHO.

### I. Arrears Owed by Jacob

First, Richelle claims that the "Referee erred by finding as final judgment in this matter, that based on the government's Statement of Arrears, father owes mother only $474.36." Richelle's Obj. at 1. Richelle does not point to any specific errors the AHO made and does not offer an alternative figure for what Jacob owes.

The AHO determined at the August 24, 2018 hearing that Jacob owed Richelle $9,645.31 in arrears. Min. Entry at 2 (Aug. 24, 2018). This total figure is represented in the CSED's calculation of payments. *See* Statement of Arrears Mr. Dowdell Owes Ms. Brown at 2 (June 5, 2019). The Statement of Arrears further lists the payments made, the amounts applied, and the interest accrued. *See id.* When subtracting the payments made from the total, considering the interest accrued, the

total arrears come to $474.36. The Court's calculation comes to the same conclusion as the AHO's and CSED's calculations. There are no other figures on the record with which the Court could come to an alternate conclusion.

Therefore, the Court overrules Richelle's first objection.

## II.    Richelle's Continued Support Obligation Beyond Majority

Second, Richelle claims that the "Referee erred by allowing the government to accrue mother's support obligation beyond majority and through June 2019 without sufficient notice and opportunity to be heard." Richelle's Obj. at 1.

The AHO's Findings and Order on September 7, 2017 indicates that pursuant to 5 GCA § 34105.2, the custodial parent, Jacob, "may extend the child support obligation past the child's eighteenth (18th) birthday by providing proof of current high school enrollment . . . ." This extension "continues until the child's graduation from high school or equivalent . . . ." *Id.*

At the August 24, 2018 hearing, the AHO asked the parties when the youngest child turns 18 years old. Min. Entry at 1. Counsel for Richelle indicated that his birthday was in February. *Id.* at 2. The AHO then commented that the support obligation would continue in June when he graduates. *Id.* Counsel for Richelle then responds, "It appears that we can anticipate." *Id.*

The continued obligation beyond majority was accounted in the September 7, 2017 Findings and Order and discussed at the August 24, 2018 hearing. Richelle did not object at any point to this provision and continued obligation. As such, Richelle had notice and opportunity to be heard on this issue.

Therefore, the Court overrules Richelle's second objection.

## III.    AHO's Reliance on CSED's Financial Activity Reports

Third, Richelle claims that the "Referee erred by accepting a multitude of statements and reports filed by the government in lieu of an accounting of cash collected and disbursed between these parties as required by federal regulation and as ordered in prior hearings." Richelle's Obj. at 2. Richelle does not point to particular statements and reports which were erroneously accepted and does not point to particular federal regulations or prior court orders which require an accounting.

Absent a statutory definition of "accounting," the Court is satisfied with the CSED's Financial Activity Reports as properly indicating the cash collected and applied to the parties' support obligations. While the Court recognizes that Title 45 of the Code of Federal Regulations has provisions related to handling cash and accounting principles (*see* 45 C.F.R. § 302.20), Richelle has not explained which provisions the AHO violated in relying on the CSED's Financial Activity Reports. Similarly, Richelle has not pointed to the existence of any order requiring an "accounting" by any definition nor how the CSED's Financial Activity Reports do not constitute an "accounting."

Therefore, the Court overrules Richelle's third objection.

## IV.    Overpayments by Richelle

Fourth, Richelle claims that the "Referee erred by failing to identify over-payments collected from mother and disbursed to father by the government or to properly analyze and apply the law as it pertains to this matter. Making a finding that mother's arrears balance is -0- while true does not reflect over-payments." Richelle's Obj. at 2.

The Court finds nothing on the record which suggests that Richelle made overpayments. The Court is unable to determine when these payments were made and in what amount. The CSED's Financial Activity Report indicates the accrued support obligation and the amounts made, ending in a zero balance. *See* Financial Activity Report Ms. Brown's Child Support Obligation to Mr. Dowdell at 2 (June 5, 2019). If Richelle disagreed or found discrepancies in the CSED's figures and calculations, it was incumbent upon her to submit evidence showing the contrary. Absent such evidence, the Court cannot find that the AHO erred in finding Richelle's obligation as a zero balance and that no overpayments were made.

Therefore, the Court overrules Richelle's fourth objection.

## V.    Credit or Refunds owed to Richelle

Fifth, Richelle claims that the "Referee erred by accepting government's statement showing payments credited to mother in the amount of her child support obligation which statement gave no context or indication that mother was entitled to credit or refund of amounts greater than shown." Richelle's Obj. at 2. The Court finds Richelle's objection here to be the same as her third and fourth

objections. The Court notes that while calculations were incorrect in the past, the calculations were corrected and accepted by the August 24, 2018 hearing.

Therefore, the Court overrules Richelle's fifth objection.

**CONCLUSION**

For the reasons stated above, the Court **AFFIRMS** the AHO's Oral Findings.

**IT IS SO ORDERED** this 26th day of June, 2020.

_____

**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**